

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable H. D. Stringer
County Attorney
Hall County
Memphis, Texas

Dear Sir:

Opinion No. O-3065
Re: Whether the sheriff of Hall
County is entitled to 12½¢
or 7½¢ per mile in the case
of arrests based upon mis-
demeanor criminal prosecu-
tions instituted in said
county, and related ques-
tions?

Your recent request for an opinion of this depart-
ment upon the questions as are herein stated has been received.

We quote from your letter as follows:

"I am enclosing herewith copy of my
opinion to Hon. W. C. Anderson, Sheriff of
this county, which is self-explanatory.

"There is a doubt in my mind as to
whether I have correctly interpreted the
law applicable to the inquiries directed
to me by the Sheriff, and I would therefore
appreciate your opinion on the subjects."

Your opinion addressed to Hon. W. C. Anderson,
Sheriff of Hall County, regarding the questions stated there-
in reads as follows:

"You have requested my opinion as to
whether you are entitled to 12½ per mile
as provided by section 10 of Art. 1065, C.
C. P., or whether you are only entitled to
7½¢ per mile as provided by section 11 of
Art. 1065, C. C. P., in the case of arrests
based upon misdemeanor criminal prosecutions
instituted in this county, and whether you
do or do not go out of the county to make the
arrest.

"It would seem to indicate from the pro-
visions of section 10 of said statute that
it is only when the prosecution is pending in
another county and you make the arrest that

you would be entitled to mileage of 12¢. In my opinion when a misdemeanor prosecution is begun in this county and a warrant placed in your hands and you make the arrest either in this county or another county that your mileage would be that provided by section 11, i.e., 7½¢.

"You have also requested me to advise you whether you are entitled to one-half of your mileage when the defendant fails to pay his fine and this whether the arrest is in or out of the county, under the applicable provisions of Art. 1055, C. C. P. (as amended).

"Art. 1055, C. C. P., in its present form allows the officer one-half of his 'fees', to be paid by the county, when the defendant fails to pay his fine and either lays the fine out or is put on the public works.

"In my opinion you would be entitled to one-half of your mileage, to be paid by the county, and this whether the arrest was made in or out of the county. It is my opinion that your mileage would come within the meaning of the word 'fees'."

We have carefully considered your opinion and Articles 1055 and 1065 of the Code of Criminal Procedure, and agree with the conclusions stated therein. Therefore, you are respectfully advised that it is the opinion of this department that the sheriff would be entitled to 7½¢ per mile for the distance actually and necessarily traveled in executing the warrants of arrest in misdemeanor cases instituted in Hall County, the same to be taxed against defendant on conviction. The mileage due the sheriff would be the same whether the warrants of arrest were executed in Hall County or in some other county.

It is our further opinion that where the defendant fails to pay his fine and costs and lays his fine and costs out in the county jail or discharges the same by means of working such fine and costs out on the county roads or on any county project as provided in Article 1055, Code of Criminal Procedure, the sheriff would be entitled to one-half of all fees due which include one-half of the mileage actually and necessarily traveled, to be paid by the county.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JAN. 30, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

By /s/ Ardell Williams
Ardell Williams
Assistant

APPROVED OPINION COMMITTEE
BY BWB, Chairman

AW:RS:jrb